## THREE-IN-ONE OIL CO. v. UNITED STATES.

Court of Claims. December 2, 1929.

No. 217.

Edward F. Clerk, of New York City, for claimant.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and GRAHAM, Judges.

GREEN, Judge. This suit is begun to recover taxes alleged to have been wrongfully collected by reason of the failure of the commissioner to include in invested capital advertising expenses incurred in the years 1901 to 1908, inclusive.

Plaintiff is a corporation engaged in the business of bottling, advertising, and selling an oil, sold under the trade-mark of "Three-In-One oil." It acquired this trade-mark prior to 1901 from another corporation, and has carried the cost thereof ever since on its books as an asset. In the years above mentioned, it spent large sums for advertising, beginning with $8,825.54 in 1901 and ending with $74,980.09 in 1908. In all, the total, less certain credits, is $229,220.58.

It is claimed by plaintiff in argument that by and through these expenditures for advertising the plaintiff's trade-mark and good will were developed to the extent of the amounts so spent, and thereby that these advertising expenses should have been added to the amount of invested capital before assessing the tax for the years in controversy. The commissioner took the opposite view, and refused to include the advertising expenses in invested capital, and by reason thereof plaintiff's taxes were largely increased. The question to be determined is whether this action of the commissioner was in accordance with law.

Just what is meant by the word "developed," as used in this connection, is not clear. Counsel for plaintiff also speak of the good will being "built up," but this expression is not explained. Apparently the contention is that by reason of the advertising the value of the plaintiff's trade-mark

and good will increased to the extent of the amount paid therefor, or at least that the purpose of the advertising was to increase the value of the trade-mark and good will, and therefore the expenses for such purpose should be capitalized.

It is well settled that payments made for the purchase of a trade-mark and good will may constitute part of invested capital in cases of the nature under consideration, but the amount so paid must be shown. In the instant case, the evidence shows, as before stated, the payments of large sums for advertising, but it also shows that this advertising was of the same kind and nature that would have been used if the sole purpose was to increase sales. Free samples were distributed, and advertisements published in periodicals, on billboards, in street cars, and through circulars, signs, etc. These advertisements set forth the qualities and usefulness claimed for Three-In-One oil, and in some instances the price. During the period in which these expenses were made for advertising, the sales increased rapidly from year to year. Part of this increase was probably due to other efforts besides that of advertising, but there is no way of determining the portion or part due to other action taken by the plaintiff. So also, while it is probable that the advertising increased the value of the trade-mark and the good will of the company, there is no way of determining to what extent this took place. It seems to be contended that good will is created or increased solely through advertising, and that advertising is solely for that purpose, yet it is a matter of common knowledge that there are concerns doing an enormous business which do little and in many cases no advertising, but these institutions must possess a certain amount of good will. We think it may also be said to be a matter of common knowledge that advertising is principally used for the purpose of promoting sales. Regardless of these matters, it is clear that the evidence affords no means of determining how much the value either of the trade-mark or of the good will was increased by the advertising, and how much of such advertising expense was attributable to such increase in value, if there was any. An examination of the findings shows there is absolutely no evidence on this subject. In fact, that such evidence as was presented tends to show that the greater part of the increase in sales was attributable to the advertising. Such being the condition of the record, there is no way in which the court can separate the amount of these expenses, if any, which should be capitalized,

from those that are merely a current expense and should be charged as such.

It is urged on behalf of the plaintiff that its books show that these advertising expenses were capitalized by being carried to a capital account. The evidence is that at first the advertising expenses were charged to expense, but later were carried to a capital account and carried as an asset. The manner in which the account was kept indicates that plaintiff's officers had some doubt as to how the account should be carried on its books, but, while the manner in which the account is carried upon the books might be taken into consideration with other evidence, if there was other evidence, to show that these advertising expenditures were properly capitalized, it is not sufficient by itself and alone to prove that fact. If such were the rule, the taxpayer could simply by bookkeeping entries determine such questions as are herein involved against the government, making himself the sole judge of how the tax should be applied. This cannot be the rule.

In the case of Richmond Hosiery Mills v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 262, 263, which was quite similar to the one at bar, the court, approving Richmond Hosiery Mills v. Commissioner, 6 B. T. A. 1247, 1254, held that the burden was on the "petitioner to show with reasonable certainty the amount properly attributable to the increased value of the trade-mark, and this burden is not sustained by opinion evidence as to its present value."

In the case at bar there is not even opinion evidence as to the present value either of the trade-mark or the good will of the company. See, also, as to the burden of proof Appeal of Northwestern Yeast Company, 5 B. T. A. 232, 238.

It is also urged on behalf of plaintiff that its volume of sales in the years 1901 to 1908 were large in comparison to the amount of its tangible assets, and that this implies the existence of good will. The plaintiff, not being a manufacturing corporation, but merely engaged primarily in sales, naturally did not require a large amount in the way of tangible assets. While this fact may show the existence of good will, it is no evidence of the amount at which it should be valued. Taking the evidence as a whole, we find nothing that enables us to say how much of the advertising expenditures should be capitalized and how much should be charged to expense.

The determination that plaintiff is not entitled to have its advertising expenses included in its invested capital for the years involved makes it unnecessary to pass on oth-

er questions raised in the case. It follows that plaintiff's petition must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GRAHAM, Judges, concur.